**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

JAMARA BRYANT                                    CIVIL ACTION NO. 18-0683

VERSUS                                           JUDGE S. MAURICE HICKS, JR.

INTERNATIONAL BROTHERHOOD                        MAGISTRATE JUDGE HORNSBY
OF TEAMSTERS, LOCAL 568

**MEMORANDUM RULING**

Before the Court is Motion for Summary Judgment filed by the defendant, International Brotherhood of Teamsters, Local 568 ("Local 568"). See Record Document 12. Noting that this Motion is unopposed by pro se Plaintiff Jamara Bryant ("Bryant"), after a review of the record, Local 568's Motion is hereby **GRANTED**.

Bryant was employed by United Parcel Service ("UPS") as a driver. Local 568 represents UPS drivers in Shreveport, Louisiana, in connection with collective bargaining agreements. On July 15, 2016, UPS terminated Bryant for dishonesty. Local 568 filed a grievance on behalf of Bryant, alleging that UPS did not have just cause to discharge Bryant. The grievance was heard and denied. At that point, there was nothing further that Local 568 could do on behalf of Bryant.

Bryant filed a charge of discrimination and retaliation against UPS with the Equal Employment Opportunity Commission ("EEOC"). He also filed a charge of retaliation against Local 568 with the EEOC. The EEOC dismissed both charges and gave Bryant right to sue notices. On November 6, 2017, Bryant filed a pro se lawsuit against UPS but never properly served UPS. Accordingly, on February 23, 2018, the court dismissed his lawsuit against UPS. See Case No. 5:17-cv-1451, Document 9. Thereafter, Bryant filed

the instant <u>pro se</u> complaint against Local 568 on May 23, 2018, alleging that Local 568 retaliated against him.  <u>See</u> Record Document 1.  On August 28, 2018, Local 568 filed the instant Motion for Summary Judgment.  <u>See</u> Record Document 12.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  <u>Quality Infusion Care, Inc. v. Health Care Serv. Corp.</u>, 628 F.3d 725, 728 (5th Cir. 2010).  "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).  Additionally, Local Rule 56.1 requires the moving party to file a statement of material facts as to which it contends there is no genuine issue to be tried.  All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule."  Local Rule 56.2.

The statutory text of the Title VII anti-retaliation provision, which is applicable to labor organizations, provides, in full:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation,

proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e–3(a). Retaliation claims are subject to the McDonnell Douglas burden-shifting framework. See Hockman v. Westward Commc'ns, LLC, 407 F.3d 317, 330 (5th Cir. 2004); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04, 93 S. Ct. 1817, 1824-25 (1973). "To establish a prima facie case of retaliation, the plaintiff must establish that: (1) he participated in an activity protected by Title VII; (2) [the labor organization] took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action." McCoy v. City of Shreveport, 492 F.3d 551, 556–57 (5th Cir. 2007). If the plaintiff sets forth a prima facie case, the burden then shifts to the labor organization to state a legitimate, non-retaliatory reason for the adverse employment action. See Septimus v. Univ. of Houston, 399 F.3d 601, 607 (5th Cir. 2005). If the labor organization meets that burden, the plaintiff must establish that the"permissible reason is actually a pretext for retaliation." Id. (citation omitted).

Local 568 contends that Bryant failed to make out a prima facie case of retaliation, or, in the alternative, that Bryant failed to show that Local 568's actions were pretexts for retaliation. Specifically, Local 568 asserts that it properly notified Bryant of all hearing dates and that it did not make the termination decision and had no input into the decision. Local 568 also notes that Bryant was properly notified of the Grievance Committee's ruling and that it does not have input into company decisions related to sick time or option days for discharged employees. Thus, Local 568 accurately argues that there is no evidence that it took any adverse action against Bryant. Local 568 further contends that even if Bryant could show an adverse action, he could not show a causal connection between any protected activity and the adverse action. Finally, Local 568 asserts that Bryant cannot

show that its actions were pretexts for retaliation.

In lieu of opposing the Motion for Summary Judgment filed by the Defendant, Bryant instead filed a letter wherein he states that he "will not move forward in [his] attempt to at least try and recoup some of the things [he] lost. . . ." Record Document 14. He further states that he is "waving [sic] all rights and future appeals going forward they can have it!" Id.

In light of the statements by Bryant in his letter and after review of the Motion for Summary Judgment and the accurate legal arguments made therein as applied to the facts before the court, **IT IS ORDERED** that the Motion for Summary Judgment (Record Document 12) filed by Local 568 be and is hereby **GRANTED** and all claims by Bryant against Local 568 are **DISMISSED WITH PREJUDICE**.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 4th day of January, 2019.


S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT